United States District Court
District of Connecticut
FILED AT BRIDGEPORT
5/6/2015
Robin D. Tabora, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

B-14-1

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Number: 3:15cr 70 (RNC) |
| v. | VIOLATIONS: |
| STEVEN J. SANTUCCI,<br>ALEX E. KENYHERCZ,<br>MARK BERTANZA,<br>JASON CHICKOS,<br>JEFFREY GENTILE,<br>FRANK PECORA,<br>MICHAEL MASE, and<br>STEVEN FERNANDES | 21 U.S.C. § 846 (Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances)<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Possession with Intent to Distribute and Distribution of Controlled Substances)<br><br>18 U.S.C. § 1956(h) (Conspiracy to Launder Monetary Instruments)<br><br>18 U.S.C. § 922(g) (Possession of a Firearm by a Convicted Felon) |

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy to Distribute and to Possess with Intent to Distribute Anabolic Steroids)

1. From in or about April 2011 to on or about April 30, 2015, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants STEVEN SANTUCCI, ALEX KENYHERCZ, MARK BERTANZA, JASON CHICKOS, JEFFREY GENTILE, MICHAEL MASE, FRANK PECORA, STEVEN FERNANDES, and others known and unknown to the Grand Jury, knowingly and intentionally conspired together and with one another, to possess with intent to distribute, and to distribute a mixture and substance containing a detectable amount of anabolic steroids, a Schedule III controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 846.

## COUNT TWO
(Conspiracy to Distribute and to Possess with Intent to Distribute Oxycodone)

2. From in or about 2008 to on or about May 1, 2015, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants ALEX KENYHERCZ, MARK BERTANZA, JEFFREY GENTILE and FRANK PECORA, and others known and unknown to the Grand Jury, knowingly and intentionally conspired together and with one another, to possess with intent to distribute, and to distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 846.

## COUNT THREE
(Possession with Intent to Distribute and Distribution of Anabolic Steroids)

3. On or about November 19, 2014, in the District of Connecticut, the defendants STEVEN SANTUCCI, ALEX KENYHERCZ, and MARK BERTANZA did knowingly and intentionally distribute and possess with intent to distribute anabolic steroids, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FOUR
(Possession with Intent to Distribute and Distribution of Anabolic Steroids)

4. On or about December 2, 2014, in the District of Connecticut, the defendants STEVEN SANTUCCI, ALEX KENYHERCZ, and MARK BERTANZA did knowingly and intentionally distribute and possess with intent to distribute anabolic steroids, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIVE
(Possession with Intent to Distribute and Distribution of Anabolic Steroids)

5. On or about December 17, 2014, in the District of Connecticut, the defendants STEVEN SANTUCCI, ALEX KENYHERCZ, and MARK BERTANZA did knowingly and intentionally distribute and possess with intent to distribute anabolic steroids, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SIX
(Possession with Intent to Distribute and Distribution of Anabolic Steroids)

6. On or about February 3, 2015, in the District of Connecticut, the defendants STEVEN SANTUCCI, ALEX KENYHERCZ, and MARK BERTANZA did knowingly and intentionally distribute and possess with intent to distribute anabolic steroids, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SEVEN
(Possession with Intent to Distribute and Distribution of Anabolic Steroids)

7. On or about February 20, 2015, in the District of Connecticut, the defendants STEVEN SANTUCCI, ALEX KENYHERCZ, and MARK BERTANZA did knowingly and intentionally distribute and possess with intent to distribute anabolic steroids, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT EIGHT
(Possession with Intent to Distribute and Distribution of Anabolic Steroids)

8. On or about March 30, 2015, in the District of Connecticut, the defendants STEVEN SANTUCCI, ALEX KENYHERCZ, and MARK BERTANZA did knowingly and intentionally distribute and possess with intent to distribute anabolic steroids, a Schedule III controlled substance.

In violation of Title21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT NINE
(Conspiracy to Launder Monetary Instruments)

9. From approximately April 2011 to on or about April 29, 2015, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendant STEVEN SANTUCCI, with others known and unknown to the Grand Jury, did knowingly combine, conspire and agree with other persons known and unknown, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute and to possess with intent to distribute anabolic steroids, with the intent to promote the carrying on of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the

proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

### Manner and Means

10. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

 a. In order to facilitate and promote the operation of the anabolic steroids trafficking business, SANTUCCI and others used controlled substances sale proceeds to make Western Union payments to foreign sellers of ingredients to make liquid anabolic steroids which SANTUCCI then sold.

 b. In order to facilitate and promote the operation of the anabolic steroids trafficking business, SANTUCCI used anabolic steroid sale proceeds to purchase packaging materials from domestic companies, which SANTUCCI used to package anabolic steroids.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNT TEN
(Possession with Intent to Distribute Cocaine)

11. From on or about April 29, 2015 to on or about May 1, 2015, in the District of Connecticut, the defendant FRANK PECORA did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

5

## COUNT ELEVEN
(Possession with Intent to Distribute and Distribution of Oxycodone)

12. From on or about April 29, 2015 to on or about May 1, 2015, in the District of Connecticut, the defendant FRANK PECORA did knowingly possess with intent to distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWELVE
(Possession of a Firearm and Ammunition by a Convicted Felon)

13. From on or about April 29, 2015 to on or about May 1, 2015, in the District of Connecticut, the defendant FRANK PECORA having been convicted in the Circuit Court of the State of Florida of a crime punishable by imprisonment exceeding one year, to wit: Cocaine Trafficking, in violation of a Florida Statute § 893.135, on October 16, 1986, did knowingly possess a firearm and ammunition in and affecting commerce, namely, one FNFAL R1A1 Sporter .308 caliber assault rifle with serial number 128691, which had been shipped and transported in foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

14. Upon conviction of one or more of the controlled substance offenses alleged in Counts One, Two, Ten and Eleven of this Indictment, the defendant FRANK PECORA, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including but not limited to $9,000 in United States Currency seized from 19 Derby Avenue, Derby, Connecticut.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

## FORFEITURE ALLEGATION
(Firearms Offenses)

16. Upon conviction of the firearm offenses alleged in Count Twelve of this Indictment, the defendant FRANK PECORA shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), the firearms involved in the commission of the offenses, including but not limited to the following: (a) a FNFAL R1A1 Sporter .308 caliber assault rifle with serial number 128691.

A TRUE BILL

/s/
FOREPERSON

UNITED STATES OF AMERICA

*Deirdre M. Daly*
DEIRDRE M. DALY
UNITED STATES ATTORNEY

*Robert M. Spector*
ROBERT M. SPECTOR
ASSISTANT UNITED STATES ATTORNEY

*Rahul Kale*
RAHUL KALE
ASSISTANT UNITED STATES ATTORNEY